# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEFAN SANDERS, | |
| Plaintiff, | |
| | No. 09 CV 1965 |
| v. | |
| OFFICER DOYLE, UNKNOWN SERGEANT, UNKNOWN OFFICER and the CITY OF CHICAGO, | Judge: Pallmeyer<br>Magistrate Judge: Keys |
| Defendants. | |

## AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, STEFAN SANDERS, by and through Horwitz, Richardson, & Baker LLC, and pursuant to this Amended Complaint at Law, states the following against the above named Defendants, to wit OFFICER DOYLE, UNKNOWN SERGEANT, UNKNOWN OFFICER (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.     PLAINTIFF is a resident of the State of Illinois and of the United States.

3.     The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

4.     The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or

1

employees referred to in this Complaint.  At all times material to this Complaint, the

DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation,

statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about November 20, 2008, at or around 5:50 pm, PLAINTIFF was a passenger in a

vehicle driving southbound on Sacramento Blvd. in Chicago, Illinois.  An UNKNOWN

OFFICER sped up and drove alongside the PLAINTIFF'S vehicle.

6.      The UNKNOWN OFFICER inexplicably brandished a firearm and shouted racial

epithets at PLAINTIFF.  In fear for his safety and of the UNKNOWN OFFICER, PLAINTIFF

called 911.

7.      PLAINTIFF proceeded to his residence.  Shortly thereafter, an UNKNOWN

SERGEANT and OFFICER DOYLE arrived at PLAINTIFF'S house and coerced PLAINTIFF

into coming with them to the police station under the guise of identifying the abusive

UNKNOWN OFFICER.

8.      At the police station, while in the presence of the UNKNOWN OFFICER, UNKNOWN

SERGEANT and OFFICER DOYLE arrested and charged the PLAINTIFF with assault,

notwithstanding the fact that on November 20, 2008, the PLAINTIFF had not committed the

criminal offense of assault. This conduct violated the Fourth Amendment to the United States

Constitution.

9.      On or about November 20, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter

and/or assault any of the DEFENDANT OFFICERS.

10.      The DEFENDANT OFFICERS charged and/or participated in the charging of

PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent

the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed

to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took

place relative to the PLAINTIFF.

11.     On November 20, 2008, PLAINTIFF had not committed an act contrary to the laws of

the State of Illinois.

12.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the

DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

13.     On or about November 20, 2008, the DEFENDANT OFFICERS were on duty at all times

relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO.

The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course

and scope of employment. This action is being brought with regard to the individual capacity of

the DEFENDANT OFFICERS.

## COUNT I
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

14.     PLAINTIFF re-alleges paragraphs 1 – 13 as though fully set forth herein.

15.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF

without probable cause to believe that the PLAINTIFF had committed criminal activity.

16.     Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth

Amendment to the United States Constitution.

17.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

3

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorneys' fees against the

DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
## False Arrest – State Law Claim

18.     PLAINTIFF re-alleges paragraphs 1 – 13 as though fully set forth herein.

19.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe

that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was

in violation of the Constitution to the State of Illinois, as well as Illinois law.

20.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands costs against the DEFENDANT OFFICERS and

whatever additional relief this Court deems equitable and just.

## COUNT III
## Malicious Prosecution – State Law Claim

21.     PLAINTIFF re-alleges paragraphs 1 – 13 as though fully set forth herein.

22.     The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of

Illinois.  These allegations commenced or continued a criminal proceeding against PLAINTIFF.

23.     The DEFENDANT OFFICERS engaged in this effort without probable cause.

24.     The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on

December 15, 2008.

25.     The underlying criminal charges were resolved in a manner indicative of innocence.

26.     The aforementioned actions were the direct and proximate cause of the violations of

Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands costs against the DEFENDANT OFFICERS and

whatever additional relief this Court deems equitable and just.

## COUNT IV
## 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

27.     PLAINTIFF re-alleges paragraphs 1 – 13 as though fully set forth herein.

28.     Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS.

29.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law

and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the

alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT

OFFICERS as a result of this Complaint.

## COUNT V
## Supplementary Claim for *Respondeat Superior*

30.     PLAINTIFF re-alleges paragraphs 1 – 13 as though fully set forth herein.

31.     The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment

and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its

agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims

alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other

additional relief, as this Court deems equitable and just.

5

## **JURY DEMAND**

32.     PLAINTIFF demands trial by jury.


                              Respectfully submitted,

                              s/ Emily Schnidt_____
                              Attorney for the Plaintiff


**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St., Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076

6