IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEFAN SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 1965 |
| | ) | |
| OFFICER DOYLE, UNKNOWN SERGEANT, | ) | JUDGE PALLMEYER |
| UNKNOWN OFFICER and the CITY OF | ) | MAGISTRATE JUDGE KEYS |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICER JOHN DOYLE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant Officer John Doyle ("Officer Doyle"), by and through his attorney, Christopher A. Wallace, Assistant Corporation Counsel, submit the foregoing Joint Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand.

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** **Officer Doyle admits that jurisdiction is proper in this Court.**

## PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER:** **Officer Doyle lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph.**

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

**ANSWER:** Officer Doyle admits that at all times relevant hereto he was employed by and acting on behalf of the City of Chicago.

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS, as well as the other officers and/or employees referred to in this Complaint. At all times material to this Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:** Officer Doyle admits that the City of Chicago is a duly incorporated municipal corporation and is his employer and principal and that at all times material to this Complaint he was acting under color of law. Answering further, Officer Doyle upon information and belief denies all the remaining allegations set forth in this paragraph.

## FACTS

5. On or about November 20, 2008, at or around 5:50 pm, PLAINTIFF was a passenger in a vehicle driving southbound on Sacramento Blvd. in Chicago, Illinois. An UNKNOWN OFFICER sped up and drove alongside the PLAINTIFF'S vehicle.

**ANSWER:** Officer Doyle upon information and belief denies the allegations set forth in this paragraph.

6. The UNKNOWN OFFICER inexplicably brandished a firearm and shouted racial epithets at PLAINTIFF. In fear for his safety and of the UNKNOWN OFFICER, PLAINTIFF called 911.

**ANSWER:** Officer Doyle upon information and belief admits that Plaintiff called 911 at some point. Officer Doyle upon information and belief denies all remaining allegations set forth in this paragraph.

7. PLAINTIFF proceeded to his residence. Shortly thereafter, an UNKNOWN SERGEANT and OFFICER DOYLE arrived at PLAINTIFF'S house and coerced PLAINTIFF into coming with them to the police station under the guise of identifying the abusive UNKNOWN OFFICER.

**ANSWER:** **Officer Doyle lacks knowledge and information sufficient to form a belief as to the allegation "Plaintiff proceeded to his residence." Answering further, Officer Doyle denies the remaining allegations set forth in this paragraph.**

8. At the police station, while in the presence of the UNKNOWN OFFICER, UNKNOWN SERGEANT and OFFICER DOYLE arrested and charged the PLAINTIFF with assault, notwithstanding the fact that on November 20, 2008, the PLAINTIFF had not committed the criminal offense of assault. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

9. On or about November 20, 2008, PLAINTIFF did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

10. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF, notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

11. On November 20, 2008, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

12. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

13. On or about November 20, 2008, the DEFENDANT OFFICERS were on duty at all times relevant to this Complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:** Officer Doyle denies the allegations set forth in this paragraph.

## COUNT I
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

14. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** **Officer Doyle reasserts his answers contained in the preceding paragraphs one through thirteen (1-13) and incorporates his answers herein, as though fully stated.**

15. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that the PLAINTIFF had committed criminal activity.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

16. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

17. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** **Officer Doyle denies the allegations set forth in this paragraph.**

*WHEREFORE, Officer Doyle requests this Court enter judgment in his favor as to Count I and against Plaintiff and enter any other relief in favor of him and against Plaintiff that this Court deems just and proper.*

## COUNT II
### False Arrest - State Law Claim

18. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** Officer Doyle reasserts his answers contained in the preceding paragraphs one through thirteen (1-13) and incorporates his answers herein, as though fully stated.

19. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the constitution to the State of Illinois, as well as Illinois law.

**ANSWER:** Officer Doyle denies the allegations set forth in this paragraph.

20. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:** Officer Doyle denies the allegations set forth in this paragraph.

*WHEREFORE, Officer Doyle requests this Court enter judgment in his favor as to Count II and against Plaintiff and enter any other relief in favor of him and against Plaintiff that this Court deems just and proper.*

## COUNT III
### Malicious Prosecution - State Law Claim

21. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** Officer Doyle reasserts his answers contained in the preceding paragraphs one through thirteen (1-13) and incorporates his answers herein, as though fully stated.

22. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

**ANSWER:** Officer Doyle denies the allegations set forth in this paragraph.

23. The DEFENDANT OFFICERS engaged in this effort without probable cause.

**ANSWER: Officer Doyle denies the allegations set forth in this paragraph.**

24. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF on December 15, 2008.

**ANSWER: Officer Doyle admits that the plaintiff's criminal case was dismissed by the State's motion for S.O.L. which he understands means to strike the case with leave to reinstate the matter. Answering further, Officer Doyle lacks knowledge and information sufficient to form a belief as to the remaining allegations set forth in this paragraph.**

25. The underlying criminal charges were resolved in a manner indicative of innocence.

**ANSWER: Officer Doyle denies the allegations set forth in this paragraph.**

26. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

**ANSWER: Officer Doyle denies the allegations set forth in this paragraph.**

*WHEREFORE, Officer Doyle requests this Court enter judgment in his favor as to Count III and against Plaintiff and enter any other relief in favor of him and against Plaintiff that this Court deems just and proper.*

## COUNT IV
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

*As Count IV is not directed toward Officer Doyle, he makes no answer.*

# COUNT V
## Supplementary Claim for *Respondeat Superior*

30. PLAINTIFF re-alleges paragraphs 1-13 as though fully set forth herein.

**ANSWER:** **Officer Doyle reasserts his answers contained in the preceding paragraphs one through thirteen (1-13) and incorporates his answers herein, as though fully stated.**

31. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

**ANSWER:** **Officer Doyle denies that he has committed the acts alleged as stated in the preceding paragraphs and incorporates his answers to all preceding paragraphs herein, as though fully stated. Answering further, Officer Doyle admits that at all relevant times he was acting within the scope of his employment. Officer Doyle lacks knowledge and information sufficient to form a belief as to truth or falsity of the remaining allegations set forth in this paragraph.**

## AFFIRMATIVE DEFENSES

1. Officer Doyle is entitled to qualified immunity. He is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted him could have believed his actions to be lawful, in light of clearly established law and the information he possessed.

2. Any award of damages against Officer Doyle shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to Plaintiff's own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries

and damages. In addition, at the time of the actions alleged in Plaintiff's Amended Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces a plaintiff's recovery according to her contributory negligence and bars her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Officer Doyle is not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2004).

5. Under Section 202 of the Tort Immunity Act, Officer Doyle is not liable for injuries claimed in Plaintiff's state law claim because, as a public employee, he is not liable for acts or omissions in the execution or enforcement of the law unless their conduct constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2004). Officer Doyle was engaged in the execution and enforcement of the law and his conduct was not willful and wanton.

6. Under Section 204 of the Tort Immunity Act, Officer Doyle is not liable for the injuries claimed under Plaintiff's state law claim because he is not liable for injuries caused by the acts or omission of other persons. 735 ILCS 10/2-204 (2004).

7. Under Section 208 of the Tort Immunity Act, Officer Doyle is not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause. 745 ILCS 10/2-208 (2004).

8. Plaintiff's state-law claims are barred by the one-year statute of limitations specified in the Tort Immunity Act at 745 ILCS 10/8-101(a) (West 2006) to the extent applicable.

## JURY DEMAND

Officer Doyle requests trial by jury for all issues so triable.

**DATED**: September 25, 2009

Respectfully submitted,

/s/ *Christopher A. Wallace*
Christopher A. Wallace
*Attorney for Officer Doyle*

City of Chicago Department of Law
30 N. LaSalle St.
Ste. 1400
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on September 25, 2009, I caused a copy of the foregoing Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ *Christopher Wallace*
Christopher Wallace